UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES K. SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-1475 (CEJ) |
| ) | |
| TERRY RUSSELL, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter is before the Court on the petition of James K. Smith for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition, and the issues are fully briefed.

**I. Background**

Petitioner is currently confined in the Missouri Department of Corrections pursuant to the sentence and judgment of the Twenty-First Judicial Circuit Court of Missouri (St. Louis County). After pleading guilty to forcible sodomy, armed criminal action, and assault second degree, petitioner was sentenced on June 10, 2010 to an aggregate 23-year term of imprisonment. [Doc. #12-2 at 69–73, 4–5].

On September 10, 2010, petitioner filed a *pro se* motion for postconviction relief in the circuit court under Missouri Supreme Court Rule 24.035. [Doc. #12-2 at 74, 85]. On April 18, 2011, petitioner filed an amended petition after the appointment of counsel, asserting that (1) the court failed to advise him of the possibility of a future, indefinite, involuntary civil commitment as a "sexually violent

predator,"[1] as required by Missouri Supreme Court Rule 24.02(e), and in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; (2) the court failed to establish an adequate factual basis for the culpable mental states required for the offenses and therefore the pleas were involuntary and unknowing;[2] (3) the court failed to inform petitioner that forcible sodomy constituted a "dangerous felony," which would require him to serve at least 85 percent of his sentence before being considered for parole, as required by Missouri Supreme Court Rule 24.02, and in violation of Fifth, Sixth, and Fourteenth Amendments, as well as Article I of the Missouri Constitution;[3] and (4) he received ineffective assistance of counsel regarding the consequences of his conviction for a dangerous felony, as well as his status as a sexually violent predator,[4] in violation of the Fifth, Sixth, and Fourteenth Amendments, and Article I of the Missouri Constitution. *Id.* at 84–123. After an evidentiary hearing, the court denied petitioner's motion on the merits. *Id.* at 128, 130–41.

Petitioner appealed the denial of his post-conviction motion, asserting only one claim for relief: that his guilty plea lacked a factual basis that he aided and abetted the charged crimes, or that he had knowledge that the charged acts occurred. [Doc. #12-3 at 7]. On December 3, 2013, the Missouri Court of Appeals

---

[1] Forcible sodomy is defined as a sexually violent offense under Rs. Mo. 632.480(4). And pursuant to Mo. Ann. Stat. §§ 632.483(1), 632.489, and 632.486, a sexually violent offender could potentially face a future, indefinite civil commitment.
[2] Specifically, petitioner argued that the plea court failed to "establish[] on the record a factual basis for the plea" pursuant to Missouri Supreme Court Rule 24.02(e). [Doc. #12-2 at 90–91].
[3] Again, petitioner argued that this omission constituted a violation of Missouri Supreme Court Rule 24.02(e). Forcible sodomy is defined as a dangerous felony, for which 85 percent of the sentence must be served before release, under Mo. Ann. Stat. §§ 556.061(19) and 558.019.3.
[4] Petitioner claimed he would not have pled guilty if he was aware of these consequences of his guilty plea to the forcible sodomy charge. [Doc. #12-2 at 112–13].

2

affirmed the denial of petitioner's motion. [Doc. #12-5].

In the instant habeas corpus petition petitioner asserts the following grounds for relief: (1) that the court failed to advise him of the possibility of indefinite civil commitment, due to his status as a sexually violent predator; (2) that the court failed to advise him that, as a result of pleading guilty to forcible sodomy, he would be required to serve 85 percent of his sentence before becoming eligible for parole; and (3) that he received ineffective assistance of counsel as a result of his attorney's failure to advise him of the possibility of indefinite civil commitment due to his status as a sexually violent predator.[5]

## II. Discussion

"'Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules.'" *Arnold v. Dormire*, 675 F.3d 1082, 1086–87 (8th Cir. 2012) (quoting *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009)). "In Missouri, a claim must be presented at each step of the judicial process in order to avoid default." *Id.* at 1087 (internal quotation marks and citations omitted). Therefore, if a petitioner failed to follow applicable state procedural rules for raising claims, he has procedurally defaulted, even if he exhausted his state remedies. *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)); *see, e.g., Moore-El v. Luebbers*, 446 F.3d 890, 897 (8th Cir. 2006) (holding that a petitioner

---

[5] The Court will not consider any new arguments presented in petitioner's traverse to, as the Court will not accept amendment of the original petition by interlineation. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (reasoning that Federal Rule of Civil Procedure 15 was made applicable to habeas cases through 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11).

3

abandoned his claims under Missouri law when he did not appeal those claims in the Missouri Court of Appeals).

"[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). That is, a petitioner is "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in the Missouri state court." *Id.* at 411–12. "'[R]aising a state-law claim in state court that is merely similar to the constitutional claim later pressed in a habeas action is insufficient to preserve the latter for federal review.'" *Boysiewick v. Schriro*, 179 F.3d 616, 621 (8th Cir. 1999) (quoting *Sweet*, 125 F.3d at 1153).

A state prisoner can overcome procedural default if he can demonstrate cause and actual prejudice. *Dretke v. Haley*, 541 U.S. 386, 388–89 (2004); *see Coleman*, 501 U.S. at 750 (holding that a state habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice); *Battle v. Delo*, 19 F.3d 1547, 1552 (8th Cir. 1994)). A demonstrated claim of actual innocence will also overcome procedural default. *U.S. v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

The claims petitioner asserts in the instant habeas petition were properly presented his claims in the post-conviction proceedings before the circuit court. However, he committed a procedural default by abandoning the claims on appeal. *See Arnold*, 675 F.3d at 1086–87. Petitioner has not demonstrated the threshold requirement of cause for this procedural default. *Storey v. Roper*, 603 F.3d 507,

524 (8th Cir. 2010). Therefore, it is unnecessary to address the issue of prejudice. *Robinson v. Wallace*, No. 4:10-CV-0526 (TCM), 2013 WL 1293817, at *8 (E.D. Mo. Mar. 28, 2013). Finally, petitioner has not raised a claim of actual innocence here. *See, e.g., House v. Bell*, 547 U.S. 518, 522 (2006).

Because of the procedural default, the Court will not consider the merits of petitioner's claims. The petition for a writ of habeas corpus will be denied.

A judgment consistent with this Memorandum will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2017.